```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

HENRY J. MARTOCCHIO,            :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:09mc358(DFM)
                                :
STEPHANIE SAVOIR, ET AL.,       :
                                :
     Defendants.                :
```

RECOMMENDED RULING

The plaintiff, Henry Martocchio, brings this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  He filed a notice of removal[1] seeking to remove a civil action, Martocchio v. Savoir, which he commenced in 2006 in Connecticut state court.  The plaintiff alleges that his civil rights are being violated in the state case.  He claims that he has "been continually harassed by the [Connecticut] Superior Court at Rockville and related court administration systems."  (Compl. ¶28.)  As relief, he requests that this court "enforce basic due process."  (Compl. ¶27.)  For the reasons set forth below, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

I.   Standard of Review

The plaintiff has met the requirements of 28 U.S.C. § 1915(a)

---

[1] The plaintiff's filing is entitled "Notice of Petition; and, Verified Petition for Warrant of Removal" (sic).  Attached to it are the docket of the state court case he wants to remove and various rulings in the state court case.

and has been granted leave to proceed in forma pauperis in this action.  When the court grants in forma pauperis status, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements.  "[A] district court must dismiss the case if it determines that 'the claim is based on an indisputably meritless legal theory' or fails to state a claim upon which relief may be granted."  Parkinson v. Hartford Hosp., No. 3:08CV1892(JCH), 2009 WL 2475336, at *1 (D. Conn. May 28, 2009) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)).  See 28 U.S.C. § 1915 (e)(2)(B).

II.  Discussion

The plaintiff is seeking to remove to this court a civil action he filed in state court.  A plaintiff, however, is not allowed to remove a state court action to federal court.  Only a defendant can remove.   See 28 U.S.C. §§ 1441(a)[2] and 1446(a)[3],

---

[2]Section 1441 of Title 28 provides in relevant part:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[3]Section 1446 of Title 28 provides in relevant part:
(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of

Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."); Daniels v. Connell, No. 08-CV-6335L, 2008 WL 4104578, at *1 (W.D.N.Y. Sept. 3, 2008)("The law is clear, however, that a plaintiff cannot remove his own action from state to federal court."); Geiger v. Arctco Enters., Inc., 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)"); Adams v. Adminastar Defense Services, Inc., 901 F. Supp. 78, 79 (D. Conn. 1995) ("removal can be achieved only by a defendant").  "[T]here is no mechanism in the law by which [the plaintiff] may remove or transfer [his] state case to federal court." Sherrell v. Norstar Bank of Upstate New York, No. 97-CV-1560, 1998 WL 381330, at *1 (N.D.N.Y. June 30, 1998).

"A case removed without jurisdiction must be remanded.  28 U.S.C. § 1447(c)." Franke v. Cana Investments, LLC, No. 08-3783, 2009 WL 1747942, at *1 (7th Cir. June 19, 2009) (stating that dismissal for lack of federal jurisdiction is "appropriate had the suit begun in federal court, but it is not appropriate for a

---

the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

removed suit" and that "the proper disposition is a remand rather than a dismissal").

III. Conclusion

For these reasons, the undersigned recommends that the action be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72 and 6 of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"). See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 7th day of October, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge